## PEOPLE v JOHNSON

Docket No. 108390. Submitted May 2, 1988, at Lansing. Decided August 17, 1988.

Norman Johnson was convicted of breaking and entering with intent to commit a felony following a jury trial in Muskegon Circuit Court, Ronald H. Pannucci, J. Defendant testified at his trial. Over defense counsel's objection, the prosecutor questioned defendant about a prior conviction for burglary in Georgia. Defendant admitted the conviction. Defendant appealed alleging that evidence of the conviction was improperly admitted. The Court of Appeals affirmed, unpublished opinion per curiam, decided August 24, 1987 (Docket No. 92917). Defendant sought leave to appeal to the Supreme Court which, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded to the Court of Appeals for reconsideration in light of *People v Allen*, 429 Mich 558 (1988). 430 Mich 872 (1988).

On remand, the Court of Appeals *held*:

1. The balancing test of MRE 609 as clarified by *Allen* is applicable to this case. The relevance of impeachment evidence is thus determined by balancing probativeness against prejudice as directed in *Allen*.

2. The crime of burglary has moderate probative value. The recent vintage of the Georgia crime, three years prior to the present crime, adds to its probative value.

3. The prejudicial impact was great since the two crimes are very similar. The prejudicial impact outweighed the limited probative value of the evidence. It was error to allow such evidence for impeachment. Such error was not harmless.

Reversed and remanded for a new trial.

CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — IMPEACHMENT.

A trial court, in exercising its discretion in determining the

REFERENCES

Am Jur 2d, Evidence Law §§ 320 *et seq.*

Am Jur 2d, Witnesses §§ 523 *et seq.*, 569 *et seq.*

Right to impeach credibility of accused by showing prior conviction as affected by remoteness in time of prior offense. 67 ALR3d 824.

admissibility of evidence of a witness' prior conviction of a theft crime punishable by more than one year imprisonment, must examine the degree of probativeness and prejudice inherent in its admission; in determining probativeness, the judge must engage in an objective analysis of the degree to which the crime is indicative of veracity while considering the vintage of the conviction, not either party's need for the evidence; in evaluating prejudice, only the similarity to the charged offense and the importance of the defendant's testimony to the decisional process, if the witness is the defendant, must be considered; the prejudice factor escalates with increased similarity and increased importance of the testimony to the decisional process; if the probative nature of the evidence does not outweigh its prejudicial effect, it must be excluded (MRE 609).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Harold F. Closz, III,* Prosecuting Attorney, and *Judith K. Simonson,* Senior Assistant Prosecuting Attorney, for the people.

*Vander Ploeg, Ruck, Luyendyk & Wells* (by *Douglas M. Hughes*), for defendant on appeal.

Before: KELLY, P.J., and BEASLEY and McDONALD, JJ.

PER CURIAM. This case is before us on remand following the Supreme Court's vacating of our earlier opinion and its order to reconsider our previous decision in light of its holding in *People v Allen,* 429 Mich 558; 420 NW2d 499 (1988). 430 Mich 872 (1988).

Defendant, following a jury trial, was found guilty of breaking and entering with intent to commit a felony, MCL 750.110; MSA 28.305, and sentenced to three to ten years imprisonment. We originally affirmed, unpublished opinion per curiam of the Court of Appeals, decided August 24, 1987 (Docket No. 92917). However, in light of *People v Allen,* we reverse.

The conviction was based on a break-in of a garage in Muskegon, Michigan, on December 1, 1985. Defendant testified at trial and denied being in the vicinity of the garage at the time the break-in took place. Over defense counsel's objection, on cross-examination the prosecution questioned defendant about a 1982 Georgia conviction for burglary. Defendant admitted the prior conviction.

Just as it did the first time this case was before this Court, it is this impeachment of the defendant with evidence of a prior conviction that forms the sole subject of·this remand. In *People v Allen,* the Supreme Court devised a clarified balancing test for those cases, such as the instant case, decided prior to the effective date of the new MRE 609 (March 1, 1988), yet still pending on appeal at the time of the *Allen* decision. This new clarified balancing test seeks to determine the relevance of impeachment evidence by balancing probativeness against prejudice, but in the following limited manner:

> For purposes of the probativeness side of the equation, only an objective analysis of the degree to which the crime is indicative of veracity and the vintage of the conviction would be considered, not either party's need for the evidence. For purposes of the prejudice factor, only the similarity to the charged offense and the importance of the defendant's testimony to the decisional process would be considered. The prejudice factor would, of course, escalate with increased similarity and increased importance of the testimony to the decisional process. Finally, unless the probativeness outweighs the prejudice, the prior conviction would be inadmissible. [*People v Allen,* 606.]

Since the crime of burglary is moderately indicative of veracity, it has moderate probative value.

*People v Allen,* 610-611. The recent 1982 vintage of the crime also adds to its probative value. However, because the crime used to impeach defendant was very similar to the crime charged, its prejudicial impact was great. Although defendant still testified and was thereby able to present his defense, the prejudicial impact of impeachment with the use of evidence of a conviction for a similar crime outweighed the limited probative value of this evidence. On this basis, we conclude that it was error to allow defendant's impeachment through the use of evidence of the previous burglary conviction.

Furthermore, on the facts presented, we cannot conclude that this error was harmless. The only defense presented was the testimony of defendant and codefendant Bell. The evidence supporting the charge was circumstantial. Had defendant's credibility not been called into question by the use of the impeachment evidence, we cannot conclude beyond a reasonable doubt that defendant, nevertheless, would have been convicted.

Reversed and remanded for a new trial.